UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL AZZARA,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Petitioner　　　　　　　　: 　No. 4:CV-10-1404
　　　　　　　　　　　　　　　　　　:
　　　vs.　　　　　　　　　　　　　 : 　(Petition Filed 7/07/10)
　　　　　　　　　　　　　　　　　　:
DAVID J. EBBERT,　　　　　　　　　 : 　(Judge Muir)
　　　　　　　　　　　　　　　　　　:
　　　　　Respondents　　　　　　　 :

**MEMORANDUM AND ORDER**

August 17, 2010

**Background**

　　　Paul Azzara, an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Azzara complains of issues relating to his confinement in the Special Housing Unit ("SHU"). (Doc. 1, petition). A response to the petition was filed on July 28, 2010. Although allowed the opportunity, petitioner did not file a traverse. Thus, the petition is ripe for disposition. For the reasons discussed below, the Court will dismiss the petition.

　　　Petitioner states that he has been housed in the SHU since June 25, 2009. Since that time he has been "suffering from an atypical and significant hardship in relation to the

normal aspects of prison life due to this confinement." (Doc. 1, petition). Specifically, he claims that he has "been denied unfettered, indeed, even meaningful access to [his] legal documents." Id. Additionally, he states that he has been "retaliated against for filing grievances about the situation." Id.

Petitioner claims that "on October 1, 2009, Discipline Hearing Officer ("DHO"), Kevin Bittenbender ordered the confiscation of all [plaintiff's] property as a sanction, and in retaliation for [his] refusing to relinquish [his] property on September 10, 2009." Id.

On June 2, 2010, petitioner states that "use of force was ordered by Lt. Brian Stahl and again all [his] legal documents as well as required medical devices and all Jewish religious items were confiscated by Lt. Brian Stahl in retaliation for [petitioner] exercising constitutionally protected conduct." Id. Petitioner states that "one week later on Thursday, June 10, 2010, some of [his] legal documents were returned to [him] and [he] was placed into a double occupancy cell." Id.

On June 17, 2010, petitioner alleges that "DHO Kevin Bittenbender again ordered the confiscation of all [petitioner's] property as a sanction for incident reports

2

generated on June 3, 2010, during the use of force incident." Id.

On June 19, 2010, petitioner claims that "a small percentage of [his] legal documents were returned to [him] by Lieutenant S. Danner and he removed the restraints" but "to this date, required medical items as well as Jewish religious items have not been replaced." Id.

On July 7, 2010, petitioner filed the instant petition for writ of habeas corpus seeking damages. Id.

**Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973). In the instant petition, Azzara is neither seeking speedier nor immediate release from custody. He is also not challenging the legality of his present incarceration. Rather, he seeks damages for incidents which occurred while he has been housed in the SHU. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Azzara may have to reassert his present

3

claims in a properly filed civil rights complaint.[1] See <u>Wool v. York County Prison</u>, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)(McClure, J.); <u>Hewlitt v. Holland</u>, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.)(Nealon, J.)("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order accompanies this Memorandum Opinion.

                                            s/Malcolm Muir
                                            MUIR
                                            United States District Judge

---

1. In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Azzara may file based upon the facts asserted herein.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL AZZARA,                    :
                                :
        Petitioner              :  No. 4:CV-10-1404
                                :
    vs.                         :  (Petition Filed 7/07/10)
                                :
DAVID J. EBBERT,                :  (Judge Muir)
                                :
        Respondents             :

## ORDER

August 17, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to **CLOSE** the case.

        s/Malcolm Muir
        MUIR
        United States District Judge